Filed 3/27/14  P. v. Cox CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C074128 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12575) |
| v. | |
| ALVIN JEROME COX, | |
| Defendant and Appellant. | |

Defendant Alvin Jerome Cox pled no contest to second degree burglary and was sentenced to the upper term of three years in state prison.  On appeal, defendant contends the selection of the upper term was an abuse of discretion.  We affirm.

BACKGROUND

On October 5, 2012, defendant and two others walked into a convenience store at a gas station.  One of the men distracted the cashier at one cash register while the others opened the drawer of a second cash register.  After the three men left the store, the

1

cashier told her manager what happened. They checked the second register and found approximately $110 missing from the drawer. They contacted the county sheriff.

As they waited for deputies to arrive, the manager watched the three men walk toward the gas pumps. Two men got into a gold sport utility vehicle, the third walked away. Deputies arrived and followed the sport utility vehicle. A high-speed chase ensued but was stopped when it became too dangerous.

Defendant and the others were later detained and identified by the convenience store employees as the men who stole the money from the store. Defendant was charged with felony evading a peace officer, petty theft with a prior conviction for petty theft, and second degree burglary.

Defendant later pled no contest to second degree burglary. In exchange for his plea, the remaining charges were dismissed. As part of his plea agreement, defendant acknowledged he could face a maximum term of three years in state prison. He also acknowledged he was not eligible for probation absent unusual circumstances.

At sentencing, counsel for defendant argued the trial court should impose the middle term: "Your Honor, in this matter, [defendant] does have an extensive criminal history. However, in this case that's before the Court, the amount of money in question is $110. We believe, under the totality of the circumstances, that the mid term is warranted, and we'll submit it to the Court."

The trial court was not persuaded: "I counted 15 prior felony convictions going back to 1980. He also has numerous violations of probation and parole. He's committed many theft offenses. This was a brazen act. This was a significant act. He has theft offenses in '97, '98, '99, 2003, all out of Alameda County, where he went to prison. In 2005, he got six years' prison out of Sacramento County for 459/2d, two counts, and a 666 apparently as a misdemeanor. But he went to prison, and there's another prison term, 16 months consecutive in '06, Placer County, two counts of 459/2nd. This appears to be a consistent pattern of criminality for Defendant.

2

"After looking at the factors in aggravation and mitigation, he did plead in this matter after the preliminary hearing. I considered the mitigating factor that Probation found: voluntarily acknowledging wrongdoing prior to arrest. Okay. I can see that, but he has numerous convictions. He served multiple prior prison terms. He's on probation for a theft offense when this theft offense is committed, and I'm concluding that his prior performance, since his first contact with the criminal justice system was in 1980. He consistently has had unsuccessful performance on probation and parole. I have to consider all of these things, balance it against the fact that, yes, he did plead. Okay. That is a given, and it is a factor in mitigation that otherwise would not exist. However, I think the factors in aggravation outweigh those in mitigation.

"On the 459/2nd, I select the upper term of three years."

The trial court ordered that term to be served concurrent to a term defendant was currently serving in Sacramento County for his conviction in Sacramento County case No. 12M04483. The court also ordered defendant to pay various fines and fees and awarded him 525 days of custody credit.

## DISCUSSION

Defendant contends the trial court abused its discretion by sentencing him to the upper term of imprisonment for second degree burglary. He claims he should have been sentenced to the middle term despite his "abysmal" criminal record. He argues the middle term was warranted because his crimes were "non violent" and because he has a history of drug abuse. We are unpersuaded.

In sentencing a convicted offender, a trial court may select any one of the three available statutory prison terms which, in its discretion, best serves the interests of justice. (Pen. Code,[1] § 1170, subd. (b).) Although the court is required to state the

---

[1] Undesignated statutory references are to the Penal Code.

3

reasons for its choice on the record (§ 1170, subd. (c)), and is to be guided by considerations of aggravating and mitigating circumstances (§ 1170 subd. (b)), it is not required to weigh such factors, or to cite specific facts in support of its sentencing choice. (*People v. Sandoval* (2007) 41 Cal.4th 825, 846-847.)  And while, a "court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law," (§ 1170, subd. (b)), its "discretion to identify aggravating circumstances is otherwise limited only by the requirement that they be 'reasonably related to the decision being made.' " (*Sandoval,* at p. 848, quoting Cal. Rules of Court, rule 4.408(a).)

In addition to the record and the probation report, the court may consider "statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." (§ 1170, subd. (b).)  " 'California courts have long held that a single factor in aggravation is sufficient to justify a sentencing choice, including the selection of an upper term.' " (*People v. Quintanilla* (2009) 170 Cal.App.4th 406, 413; see also *People v. Cruz* (1995) 38 Cal.App.4th 427, 433-434.) Finally, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, the trial court properly considered defendant's admittedly "abysmal" criminal record, his poor performance on probation and parole, and that defendant was still on probation for another crime when this crime was committed.  The court also considered the mitigating factor that defendant took responsibility for his crime.  The court found the mitigating factor was outweighed.  On this record, we do not find that decision to be irrational or arbitrary.

On appeal, defendant argues his history of substance abuse warranted imposition of the middle term.  Defendant did not, however, raise that argument in trial court.

4

Accordingly, the argument is forfeited. (*Ochoa v. Pacific Gas & Electric Co.* (1994) 61 Cal.App.4th 1480, 1488, fn. 3.)

DISPOSITION

The judgment is affirmed.


      ROBIE          , J.


We concur:


      HULL         , Acting P. J.


      HOCH        , J.